**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SERGIO ANDRES SUAZA PINEDA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11451 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Sergio Andres Suaza Pineda, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a citizen of Colombia. (*Id.* ¶ 21). He lawfully entered the United States on a nonimmigrant vias on or about July 22, 2015. (*Id.* ¶¶ 27-28). The visa expired on January 21, 2016. (ECF No. 5-1 at 2).

3. Petitioner was detained by ICE on September 2, 2026. (ECF No. 5-2 at 2). Petitioner requested a bond hearing before an immigration judge. (*Id.*) A hearing was scheduled for September 15, 2026. (ECF No. 5-4 at 2).

4. This Petition followed on September 3, 2026. (ECF No. 1).

5. Respondents filed an answer on September 14, 2026 arguing that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 1).

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

8. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

9. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

10. "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

11. A hearing was scheduled for September 15, 2026, and Petitioner has not filed anything suggesting that it did not take place.

12. Additionally, Petitioner's Fourth Amendment argument also does not warrant "the remedy Petitioner requests: release from detention. [T]he remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody." *Valenzuela v. Semaia*, No. 5:25-cv-02853, 2025 WL 3635578, at *4 (C.D. Cal. Nov. 3, 2025) (citing *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984)). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if ... an unlawful arrest, search, or interrogation occurred." *Lopez-Mendoza*, 468 U.S. at 1039; *see also Rezaee v. President of the United States*, No. 6:25-cv-1140, 2025 WL 4051609, at *5 (M.D. Fla. July 29, 2025) ("Thus, even if Petitioner's initial arrest was unlawful, her detention pending removal may stand.")

13. Accordingly, the Petition will be dismissed without prejudice.

14. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 21, 2026